**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45098**

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2017 Unpublished Opinion No. 637** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: November 3, 2017** |
| | ) |
| **v.** | ) **Karel A. Lehrman, Clerk** |
| | ) |
| **STEVEN JOVALL BANKHEAD,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of twelve years, with a minimum period of confinement of two years, for grand theft by possession of stolen property, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Steven Jovall Bankhead pled guilty to grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1). The district court imposed a unified sentence of twelve years, with a minimum period of confinement of two years, suspended the sentence and placed Bankhead on supervised probation. Bankhead violated probation and the district court revoked probation, executed the underlying sentence, and retained jurisdiction. Bankhead was unable to complete retained jurisdiction due to mental health issues. At a rider review hearing, the district

1

court suspended Bankhead's sentence and reinstated probation with the conditions that Bankhead participate in mental health treatment and enroll in and complete mental health court. Subsequently, Bankhead admitted to having violated probation. The district court revoked probation, but it was again reinstated with the condition that Bankhead successfully complete mental health court. Following additional violations, the district court revoked Bankhead's probation and ordered execution of the underlying sentence. Bankhead made an oral Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied. Bankhead appeals, contending that his sentence is excessive and that the district court abused its discretion in denying his oral I.C.R. 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Bankhead's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Bankhead's judgment of conviction and sentence, and the district court's order denying Bankhead's Rule 35 motion, are affirmed.